JORDAN, Circuit Judge,
concurring specially in the judgment.
While I agree with my colleagues on the merits of this ease, I would find the entire appeal waived because the McWreaths failed to properly argue for their right to an accounting in their opening brief. It is well-settled in our Circuit that “[a]n issue is waived unless a party raises it in its opening brief.” Laborers’ Int’l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir.1994). In the proceedings below, the McWreaths’ complaint averred that their lease with Range was invalid and identified three grounds for recovery: trespass, conversion, and accounting. The McWreaths voluntarily dismissed the trespass and conversion claims, leaving only their accounting claim. The District Court determined the lease to be valid and concluded that Pennsylvania law provided no basis for an accounting under any of the theories put forward by the McWreaths.
The McWreaths opening brief in this appeal challenged the validity of their lease with Range, but it did not address in any fashion why the invalidity of that lease would grant them a right to an accounting. *197 Indeed, there is not a single reference to “accounting” anywhere in that brief. The McWreaths attempted to cure that waiver by filing a “supplemental brief’ after Range had filed its answering brief and identified the opening briefs deficiency. We do not consider arguments made for the first time in a reply brief, In re Surrick, 338 F.3d 224, 237 (3d Cir.2003), and similarly we ought not consider new arguments made in a supplemental filing that is the functional equivalent of an extra reply brief. (The McWreaths also filed a reply brief after they submitted their “supplemental brief.”) Therefore, because the McWreaths’ opening brief failed to argue the only appealable issue in this case, I believe the appeal is waived in toto and we should not reach the merits.